UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE  DIVISION

EVANSVILLE GREENWAY AND           )
REMEDIATION TRUST,                )
        Plaintiff,              )
                                  )
    vs.                           )          3:07-cv-0066-SEB-WGH
                                  )
SOUTHERN INDIANA GAS AND          )
ELECTRIC COMPANY, INC., *et al.*, )
        Defendants.             )


**ORDER OVERRULING OBJECTIONS TO MAGISTRATE'S RULING ON
MOTION TO COMPEL**


On Febraury 26, 2010, Magistrate Judge William G. Hussman, Jr. entered an order

denying two similarly styled motions to compel, one filed by Defendant Southern Indiana

Gas and Electric Company, Inc. ("SIGECO") and another by Evansville Greenway PRP

Group, a third-party plaintiff.  Both motions sought to compel production of documents or

portions of documents which were listed on the privilege log previously created and

submitted by plaintiff/third-party defendant Evansville Greenway and Remediation Trust

("the Trust") as well as third-party defendants General Waste Products ("GWP") and

Allan Trockman.  SIGECO takes issue with the magistrate judge's ruling and, pursuant to

Fed.R.Civ.P. 72, has filed objections requesting the Court to reconsider it.  For the

reasons explicated in this entry, we overrule those objections and sustain the magistrate

judge's rulings on the motions to compel.

### *Standard of Review*

The Court's review of a magistrate judge's order is governed by Rule 72(a) which provides:  "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law."  Using the clear error standard, the Court sustains the objections "only if [it] is left with the definite and firm conviction that a mistake has been made."  *Weeks v. Samsung Heavy Indus., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997).

### *Discussion*

In greatly distilled form, the facts underlying the present controversy are as follows:  GWP owned two waste yards in Evansville, Indiana.  Allan Trockman is a former shareholder and President of GWP, who operated the yards during a time period when hazardous substances were disposed of in those locations.  After the yards were closed in the late 1990's, the City of Evansville sought to acquire them and clean them up as part of a "greenway" project.  Testing disclosed the existence of hazardous substances at the yards and, with pressure from the City to remediate the sites,  GWP sought to have the clean-up costs covered by its liability insurers.  Litigation ensued and, in 2004, as a part of the settlement of that litigation, GWP, its insurers and Mr. Trockman entered into an agreement ("Trust Agreement") creating the Trust.

The Trust Agreement provides that the purpose and obligation of the Trust is to

collect and disburse the necessary funds for remediation of the yards.  In addition, the

Trust is obligated to engage in various activities in furtherance of that obligation.  Funds

deposited in the Trust are exclusively limited to undertaking the necessary investigation,

conducting the remediation and enforcing contribution obligations under the relevant

environmental laws.  GWP's insurers have contributed a total of $3.5 million to the Trust,

most of which has already been expended to complete the clean-up of only one of the

yards.  There currently remain insufficient funds in the Trust to complete the remediation

of the second yard.  The Trust has brought this lawsuit, pursuant to federal and Indiana

environmental statutes, against SIGECO and other defendants whom the Trust claims are

liable for dumping lead and PCB contaminants at the yards in an effort to secure

additional funding to finance the clean-up of the second yard.  Counterclaims, crossclaims

and third-party claims have been filed, but the motion to compel at issue here was brought

only by SIGECO, as defendant, against the Trust, as plaintiff.

SIGECO seeks to compel production of documents relating to the negotiations and

the settlement of the GWP insurance litigation and the formation of the Trust.  Many

documents have already been produced as discovery by the Trust, but certain documents

were withheld based upon objections and claims of privilege; certain others have been

produced but extensively redacted.  A privilege log prepared by the Trust and given to

SIGECO sets forth the Trust's grounds for denying production.  SIGECO has taken

exception to certain of the objections as well as claims of privilege, prompting its motion

to compel.

In denying SIGECO's motion to compel, Magistrate Judge Hussman considered the positions advanced by the parties and reached two substantive conclusions which we summarize as follows:

(1) A "common interest" privilege applies to GWP, its insurers, the City of Evansville and the Trust (after it was created), because all of these parties share the common purpose of attempting to determine appropriate remediation procedures for the site and of pursuing other potentially responsible parties to pay for the clean-up. That privilege attached at the time those parties entered into settlement negotiations at a settlement conference held in conjunction with the underlying insurance coverage litigation on December 16, 2002, and inheres to documents or communications exchanged between the attorneys and clients, or between the attorneys for each client. The privilege does not attach to communications which do not contain legal opinions because the common interest privilege is in effect an extension of the attorney-client privilege.

(2) No "settlement privilege," which might otherwise arise out of Rule 408 of the Federal Rules of Evidence, specifically prohibits the discovery of communications exchanged during the negotiation of the insurance litigation settlement. Some of those communications might contain factual assertions which could prove to be relevant to impeachment of Mr. Trockman (likely the only witness to testify for

Plaintiff with regard to "who brought what" to the waste yards) or for some other purpose.  However, Rule 408 was promulgated to advance the public policy in favor of frank and open settlement discussions and, pursuant to Fed.R.Civ.P. 26(b)(2)(C), if the burden and expense of proposed discovery outweighs its likely benefit, the court is authorized to intervene to limit the scope of discovery.  In this case, the amount of time necessary for attorneys to review and cull inadmissible opinions from potentially admissible factual assertions would consume far too much time, effort and expense to warrant the incrementally insignificant benefit, thereby leaving "fewer resources to move the dirt necessary to effectuate the purpose of this lawsuit."  The Trust Agreement and the documents which are a part of the settlement agreement itself have been produced and are sufficient to provide SIGECO information on the basis of which to challenge the credibility of Trockman as a witness.

The first objection raised by SIGECO is that the magistrate judge limited the discovery due to "undue burden," pursuant to Fed.R.Civ.P. 26(b)(2)(C)(iii), without the Trust having objected to the discovery on that basis.  However, nothing included in the scope and limitations of Rule 26(b) requires a party to explicitly raise such an objection before it can be considered by the court.  To the contrary, Rule 26(b)(2)(C) provides that the court can act in response to a party's motion <u>or on its own</u> in limiting the scope of discovery when it finds that the burden and expense of the proposed discovery outweigh

the benefit.  Further, the magistrate judge's order limiting the discovery was preceded by a careful analysis and discussion on his part of the types of information that could be gleaned from the requested production, noting that information which potentially could benefit SIGECO and that which was protected based either on the attorney-client privilege or the common interest extension of that privilege.  In addition, the magistrate judge detailed his estimates of the amount of time and resources that would necessarily be expended in order to comply with the requested production.  On the basis of this analysis, he reasonably concluded that the return on the time and effort investment was clearly disproportionately small.

SIGECO suggests that the magistrate judge acted precipitously in imposing this limitation, lacking any good and compelling reason to do so.  We disagree; the magistrate judge independently assessed the types of information that might be discovered, the burden involved in such production and the appropriate limits to the scope of such discovery.  Given the Court's broad discretion in resolving discovery matters, we cannot conclude that the magistrate judge acted arbitrarily or irrationally or that he committed clear error.  See *Reynolds v. Jamison*, 488 F.3d 756, 761 (7th Cir. 2007).  In our view, his rulings limiting discovery were fully justified by Fed.R.Civ.P. 26(b)(2)(C) .

SIGECO's second objection addresses what it describes as the magistrate judge's limited consideration of the full range of issues on which the requested documentation might be relevant, including the various defenses raised by SIGECO and the contingent

settlement payment to be made to Mr. Trockman, if additional money is recovered from

potentially responsible parties.  However, Mr. Trockman's entitlement to 50% of any

Trust recovery after various costs and reimbursements are paid is spelled out in the

settlement agreement (which has been produced), thus providing SIGECO with ample

information on the basis of which to question Mr. Trockman with regard to any

inclination or incentive he might have to stray from the truth in testifying about the

source(s) of hazardous materials dumped at the waste yards.  The issue of witness

credibility was discussed extensively in the magistrate judge's order.  What's more, the

Trustee has informed the court and the parties that the Trust does not expect to retain any

cash reserves following the clean-up efforts.

Regarding SIGECO's contention that the documents it has requested would be

relevant to its defenses with respect to an alleged improper purpose behind the creation of

the Trust as well as the Trust's improper conversion of a CERCLA § 113 claim into a

CERCLA § 107 claim, Judge Hamilton previously addressed those defenses in his

detailed order of September 29, 2009.  Moreover, unlike many other environmental

remediation disputes before the Court, here a complete clean-up of one of the two sites

has actually already been accomplished as a result of the establishment of the Trust and

the $3.5 million payment into it by the insurance companies to cover remediation costs.

SIGECO's assertion that the Trust was simply a fraudulent attempt to shelter insurance

proceeds is plainly not true and as such is difficult for us to understand.  The magistrate

judge's alleged short shrift (beyond discussing the common interest privilege) to the many and varied insufficiencies raised by SIGECO in support of its motion to compel was entirely justified, given their insignificance individually and as a whole.

SIGECO also attacks the magistrate judge's findings with regard to the common interest privilege.  SIGECO contends that the contentious dispute among Mr. Trockman and GWP as well as its insurers over insurance coverage at the time they negotiated their settlement agreement makes clear the fact that their interests were adverse to one another and therefore that no common interest existed among them to justify extending the attorney-client privilege to cover their joint and several communications.  SIGECO maintains that, assuming the magistrate judge's decision correctly pegged the time at which the common interest arose as the December 16, 2002, settlement conference, then SIGECO itself must also be included within their shared common interest, since SIGECO also participated in that settlement conference.

Clearly, SIGECO can not reasonably be considered a part of the common interest shared by Mr. Trockman, GWP and its insurers.  As the magistrate judge recognized, the common interest among the yard owners and their insurers permitted them to make a unified response to the state environmental agency claims and jointly pursue cost recovery from potentially responsible parties, including SIGECO.  This commonality clearly encompasses more than merely their shared interest in settling the coverage litigation.

-8-

We take no issue with SIGECO's description of the dispute between GWP and its insurers as having been highly contentious.  Even so, the cases cited by SIGECO in support of its contention that insureds and insurers do not possess common interests are inapposite, because they relate to the common interest privilege in the context of the insured/insurer(s) relationship under circumstances where their interests had become adverse.  *See North River Ins. Co. v. Philadelphia Reinsurance Corp.,* 797 F.Supp. 363 (D.N.J. 1992); *Metropolitan Life Ins. Co. v. Aetna Cas. and Sur. Co.*, 730 A.2d 51 (Conn. 1999).  Those cases simply do not apply to a third party's attempt to obtain documents that were prepared in connection with the insured's and insurer's pursuit of their mutual interests.  *See Independent Petrochemcial Corp v. Aetna Cas. and Sur. Co.,* 654 F.Supp. 1334, 1365 (D.D.C. 1986) (distinguishing the application of the common interest doctrine when applied to the shifting allegiances that are inherent in the complex relationship between insured and insurer).  The magistrate judge did not err in concluding that a common interest existed among Mr. Trockman, the City, GWP and its insurers at a time they were attempting to work out a joint resolution to the disputed insurance coverage issues in order to commence clean-up efforts on the subject  properties.

### *Conclusion*

No error was committed by the Magistrate Judge in denying SIGECO's motion to compel.  Accordingly, SIGECO's Objections to the Order on Motions to Compel (Doc. #738) are OVERRULED and its request for reconsideration is DENIED.  The Magistrate

Judge's discovery orders must therefore be fully complied with by the parties at the earliest reasonable time.

   IT IS SO ORDERED.


   Date: 04/28/2010

                                        _Sarah Evans Barker_
                                        SARAH EVANS BARKER, JUDGE
                                        United States District Court
                                        Southern District of Indiana




Copies to:

Scott R. Alexander
TAFT STETTINIUS & HOLLISTER
LLP
salexander@taftlaw.com

John P. Arranz
SWANSON MARTIN & BELL
jarranz@smbtrials.com

Jennifer C. Baker
HUNSUCKER GOODSTEIN &
NELSON
jbaker@hgnlaw.com

Brian C. Bosma
KROGER GARDIS & REGAS, LLP
bcb@kgrlaw.com




Sean P. Burke
BARNES & THORNBURG LLP

sean.burke@btlaw.com

Jayna Morse Cacioppo
TAFT STETTINIUS & HOLLISTER
LLP
jcacioppo@taftlaw.com

Gregory P. Cafouros
KROGER GARDIS & REGAS, LLP
gpc@kgrlaw.com

Michael D. Chambers
TAFT STETTINIUS & HOLLISTER
LLP
mchambers@taftlaw.com


Robert R. Clark
TAFT STETTINIUS & HOLLISTER
LLP
rclark@taftlaw.com

-10-

Travis A. Crump
STOLL KEENON OGDEN PLLC
Travis.Crump@skofirm.com

Michael E. DiRienzo
KAHN DEES DONOVAN & KAHN
mdirienzo@kddk.com

Hallie Miller Fahey
Troutman Sanders LLP
hallie.fahey@troutmansanders.com

Andrew Rudolph Falk
KROGER GARDIS & REGAS LLP
arf@kgrlaw.com

Maria V. Gillen
TENNESSEE VALLEY AUTHORITY
mvgillen@tva.gov

Adam T. Goebel
STOLL KEENON OGDEN PLLC
adam.goebel@skofirm.com

Michael D. Goodstein
HUNSUCKER GOODSTEIN &
NELSON PC
mgoodstein@hgnlaw.com

Edward S. Griggs
BARNES & THORNBURG LLP
sean.griggs@btlaw.com

Timothy A. Haley
BARNES & THORNBURG LLP
thaley@btlaw.com

Elizabeth Schroer Harvey
SWANSON MARTIN & BELL LLP

eharvey@smbtrials.com

Samuel D. Hinkle IV
Stoll Keenon Ogden PLLC
sam.hinkle@skofirm.com

Kenneth Hayes Inskeep
BARNES & THORNBURG LLP
ken.inskeep@btlaw.com

David L. Jones
JONES WALLACE, LLC
djones@joneswallace.com

Jody E. Kahn
SWANSON MARTIN & BELL LLP
jkahn@smbtrials.com

G. Daniel Kelley Jr.
ICE MILLER LLP
daniel.kelley@icemiller.com

Matthew Theron Kinst
SWANSON MARTIN & BELL LLP
mkinst@smbtrials.com

John Milton Kyle III
BARNES & THORNBURG LLP
john.kyle@btlaw.com

Douglas W. Langdon
FROST BROWN & TODD, LLC
dlangdon@fbtlaw.com

Kyle Andrew Lansberry
LEWIS & WAGNER
klansberry@lewiswagner.com

Richard J. Lewandowski
Whyte Hirschboeck Dudek S.C.
rlewandowski@whdlaw.com

Anne E. Lynch
HUNSUCKER GOODSTEIN &
NELSON PC
alynch@hgnlaw.com

Michael John Maher
SWANSON MARTIN & BELL
mmaher@smbtrials.com

Stacey H. Myers
HUNSUCKER GOODSTEIN &
NELSON PC
smyers@hgnlaw.com

Michael Orville Nelson
HUNSUCKER, GOODSTEIN &
NELSON
mnelson@hgnlaw.com

Reed W Neuman
NOSSAMAN, LLP/ O'CONNOR &
HANNAN
rneuman@nossaman.com

Anthony W. Overholt
FROST BROWN TODD LLC
aoverholt@fbtlaw.com

Tina Marie Richards
BAKER & DANIELS - Indianapolis
tina.richards@bakerd.com

Robert W. Rock
JONES WALLACE LLC
rrock@joneswallace.com

Keith E. Rounder
TERRELL BAUGH SALMON &
BORN
krounder@tbsblaw.com

Ross E. Rudolph
RUDOLPH FINE PORTER &
JOHNSON
rer@rfpj.com

James P. Ryan
NOSSAMAN, LLP/O'CONNOR &
HANNAN
jryan@nossaman.com

Douglas B. Sanders
BAKER & McKENZIE LLP
douglas.b.sanders@bakernet.com

G. Michael Schopmeyer
KAHN DEES DONOVAN & KAHN
mschopmeyer@kddk.com

John A. Sheehan
HUNTON & WILLIAMS LLP
JSheehan@hunton.com

Katherine L. Shelby
BINGHAM MCHALE LLP
kshelby@binghammchale.com

Leah B. Silverthorn
HUNSUCKER GOODSTEIN &
NELSON
lsilverthorn@hgnlaw.com

Freedom S. N. Smith
ICE MILLER LLP
freedom.smith@icemiller.com

Donald M. Snemis
ICE MILLER LLP
donald.snemis@icemiller.com

William T. Terrell
TENNESSEE VALLEY AUTHORITY

wtterrell@tva.gov

Kevin Morris Toner
BAKER & DANIELS - Indianapolis
kevin.toner@bakerd.com

John William Watson III
BAKER & McKENZIE LLP
john.w.watson@bakernet.com

Thomas E. Wheeler II
FROST BROWN TODD LLC
twheeler@fbtlaw.com

Kenneth Thomas Williams II
STOLL KEENON & OGDEN PLLC
kt.williams@skofirm.com

David E. Wright
KROGER GARDIS & REGAS LLP
dew@kgrlaw.com