UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| EVANSVILLE GREENWAY AND REMEDIATION TRUST, a Qualified Settlement Trust, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 3:07-cv-66-SEB-WGH |
| SOUTHERN INDIANA GAS AND ELECTRIC COMPANY, INC., an Indiana Corporation; et al., | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) ) | |
| EVANSVILLE GREENWAY PRP GROUP, | ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| GENERAL WASTE PRODUCTS, et al., | ) ) | |
| Third-Party Defendants. | ) | |

**ENTRY ON THIRD-PARTY DEFENDANT SOLAR SOURCES'S MOTION
TO DETERMINE THE AMOUNT OF ATTORNEY FEES AND COSTS**

This matter is before the Court on Third-Party Defendant Solar Sources's Motion to Determine the Amount of Attorney Fees and Costs filed March 28, 2011. (Docket Nos. 918-20).

On February 25, 2011, the Court entered its Order Granting Third-Party Defendant Solar Sources's Motion for Summary Judgment. Third-Party Plaintiff, the Evansville Greenway PRP Group ("PRP Group"), had filed suit against Third-Party Defendant Solar Sources pursuant to the Comprehensive Environmental Response, Compensation and

Liability Act (CERCLA), 42 U.S.C. § 9601 et seq., for the recovery of cleanup costs of two allegedly contaminated sites. However, as the Court concluded, the Superfund Recycling Equity Act (SREA), 42 U.S.C. § 9627 (an amendment to CERCLA), exempts certain recyclers from CERCLA clean-up liability, and awards costs and fees to recyclers who are forced to defend against improper contribution actions.[1] The Court determined that Solar Sources was such a recycler and awarded "Solar Sources ... all reasonable fees and costs which it incurred in defending this action . . . ."

Solar Sources filed the motion at issue here seeking a total of $425,027.73 in attorney fees and costs.[2] The PRP Group objects to an award of attorney fees arguing that: (1) Solar Sources is not entitled to any attorney fees because the Court was wrong when it ruled that SREA applied to Solar Sources; (2) the fact that Solar Sources paid its attorney bills is not sufficient evidence that those fees were reasonable; (3) Solar Sources cannot recover any fees prior to April 7, 2009, because prior to that date Solar Sources had not yet raised a defense under SREA; (4) Solar Sources's "fees to recover fees" are unreasonable; (5) Solar Sources has failed to demonstrate that the redacted entries in its fee request are reasonable; (6) the fees incurred by Solar Sources after it switched to a contingency fee

---

[1] Specifically, SREA provides that "[a]ny person who commences an action in contribution against a person who is not liable by operation of this section shall be liable to that person for all reasonable costs of defending that action, including all reasonable attorney's and expert witness fees." 42 U.S.C. § 9627(j).

[2] In Solar Sources's Brief in Support of Motion to Determine Fees, Solar Sources sought $205,721.91 for legal services through February 28, 2010; $162,728.27 for legal services from March 1, 2010 through February 24, 2011; and $9,379.23 for deposition costs paid. Additionally, Solar Sources indicated in its Supplemental Brief (Docket No. 923) that it seeks $47,198.32 for attorney fees incurred in attempting to recover its attorney fees.

-2-

agreement are unreasonable; and 7) Solar Sources cannot recover any fees associated with work performed in defense of the PRP Group's state-law claims.

Having reviewed the parties' briefs and the relevant legal authorities, the Court now finds as follows:

1. **The Court will not revisit its Order Granting Third-Party Defendant Solar Sources's Motion for Summary Judgment.**

The PRP Group first argues that the Court should decline to award any attorney fees to Solar Sources because Solar Sources is not entitled to attorney fees under the SREA. Essentially, the PRP Group seeks to have the Court reconsider its Order Granting Third-Party Defendant Solar Sources's Motion for Summary Judgment. However, Rule 59(e) of the Federal Rules of Civil Procedure makes the PRP Group's motion untimely, as it was not filed within 28 days of the Court's ruling granting summary judgment. Furthermore, Rule 7.1 of the Local Rules of our court directs that "[a] new motion must not be incorporated within a brief, response, or reply to a previously filed motion." Therefore, if the PRP Group had intended to file a motion to reconsider, it was required to file a separate motion, which it did not do.

2. **Payment of attorney bills can be evidence of reasonableness.**

The PRP Group next contends that, in this instance, Solar Sources's payment of attorney fees is not sufficient evidence to prove the reasonableness of those fees. In all cases, the party seeking an award of attorney fees bears the burden of proving the reasonableness of the fees. *Spegon v. Catholic Bishop*, 175 F.3d 544, 550 (7th Cir. 1999)(citation omitted). In cases where the entitlement to an award of attorney's fees is

governed by statute, calculation of an award of attorney fees begins with a "lodestar" determination, which is calculated by multiplying the number of hours the attorney reasonably expended on the litigation times a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1982); *Johnson v. GDF, Inc.*, ___ F.3d ___, 2010 WL 456484, at *1 (7th Cir. Feb. 13, 2012). The court then adjusts the lodestar amount to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation. *Schlacher v. Law Offices of Phillip J. Rotche & Assoc., P.C.*, 574 F.3d 852, 856-57 (7th Cir. 2009). "The district court must provide a clear and concise explanation for its award, and may not 'eyeball' and decrease the fee by an arbitrary percentage because of a visceral reaction that the request is excessive." *Id.* at 857.

However, courts within the Seventh Circuit have routinely found that "the best evidence of whether attorney's fees are reasonable is whether a party has paid them." *Cintas Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir. 2008); *see also Loparex, LLC v. MPI Release Tech., LLC*, 2011 WL 2066666 at *1 (S.D. Ind. 2011). "If attorneys submit bills that meet market standards of detail, their omission of information to which courts resort in the absence of agreement is of no moment. If the bills were paid, this strongly implies that they meet market standards." *Medcom Holding Co. v. Baxter Travenol Laboratories, Inc.*, 200 F.3d 518, 520 (7th Cir. 1999).

In this case, the evidence demonstrates that Solar Sources paid all of its attorney fees up to February 28, 2010. We find that convincing proof of their reasonableness.

### 3. Solar Sources is entitled to *all* reasonable costs of defending this action.

The PRP Group argues that Solar Sources is not entitled to recover any attorney fees incurred prior to April 7, 2009, because prior to that date Solar Sources had not yet raised a defense under the SREA. However, the SREA clearly indicates that, when one party brings suit for recovery costs and a court ultimately determines that the allegedly offending party is not liable because they qualify as a recycler under the SREA, then the absolved party is entitled to "all reasonable costs of defending that action." In this instance, the Court concluded that there was no evidence to support the PRP Group's decision to commence an action in contribution against Solar Sources. The Court thus determined that the protections afforded certain recyclers by SREA applied to Solar Sources. Consequently, we hold that Solar Sources is entitled to recover *all* of the reasonable costs it has incurred in defending this action. The fact that Solar Sources did not immediately raise the SREA as a defense is of no consequence here.

### 4. Fees to recover fees may be available, if otherwise reasonable.

Next, the PRP Group notes that it filed a motion to voluntarily dismiss all claims against Solar Sources on September 17, 2010. The PRP Group argues that all of the work that counsel for Solar Sources put into this case after that date was thus performed only to gain Solar Sources a larger fee award. However, that argument plainly is not the case. The PRP Group's motion sought to voluntarily dismiss all claims against Solar Sources *without* prejudice. At the time of the PRP Group's motion, there was already a pending, fully-briefed motion for summary judgment which, if resolved in Solar Sources favor, would dispose of all claims against Solar Sources on the merits and *with* prejudice. Consequently,

the work that Solar Sources's counsel performed after the PRP Group filed its Motion for Voluntary Dismissal of Claims Against Solar Sources was not work performed merely to obtain a fee award. Solar Sources, by opposing the PRP Group's Motion for Voluntary Dismissal, was obviously attempting to permanently rid itself of any chance of having to re-litigate this case sometime in the future. Therefore, while the Court must still analyze the reasonableness of the fee request submitted by Solar Sources, we find no grounds on which to reject as unreasonable all of the fees requested after the PRP Group filed its Motion for Voluntary Dismissal of Claims Against Solar Sources.

**5. The redactions in Solar Sources's fee request do not render the fee request unreasonable.**

The PRP Group also argues that the substantial redactions in Solar Sources's fee request make it impossible to determine if the fee request is reasonable, thus warranting a rejection of the entire fee request. However, while this Court has indicated that the redaction of entries on a fee request makes the review of a fee request "substantially more difficult" than if there were no redactions, such redactions do not call for a blanket rejection of an entire fee request. *See Wickens v. Shell Oil Co.*, 569 F.Supp.2d 770, 794 (S.D. Ind. 2008). We will not make such a blanket ruling.

**6. Solar Sources is not foreclosed from recovering fees incurred after it switched to a contingency fee agreement.**

The PRP Group additionally argues that Solar Sources should not be permitted to recover any fees incurred after it switched to a contingency fee agreement on March 1, 2010. The PRP Group contends that Solar Sources's decision to stop paying attorney fees and switch to a contingency fee agreement proves that the fees Solar Sources was being

-6-

charged were unreasonable. However, contingency fee agreements are routinely used in cases such as this. And, as Solar Sources has indicated, it only switched to a contingency fee agreement after the PRP Group filed its Motion for Voluntary Dismissal of Claims Against Solar Sources. Solar Sources reportedly made the decision to switch to a contingency fee agreement because it was facing significant uncertainty about the outcome of this litigation. After the Motion for Voluntary Dismissal was filed, Solar Sources was faced with a situation where the Court could have either denied Solar Sources's motion for summary judgment or granted the Motion for Voluntary Dismissal. Either of these outcomes would have resulted in Solar Sources not recovering any attorney fees. Solar Sources's decision to switch to a contingency fee agreement was, therefore, not evidence that the attorney fees were unreasonable, but for other good and valid strategic reasons.

### 7. Solar Sources can recover fees associated with work performed in defense of the PRP Group's state-law claim.

Finally, the PRP Group alleges that Solar Sources is not entitled to recover any attorney fees incurred defending the PRP Group's claim brought pursuant to the Indiana statute governing Environmental Legal Actions (ELA), Ind. Code § 13-30-9 et seq. The PRP Group maintains that SREA only permits the recovery of "all reasonable costs of defending that action" (ie., the CERCLA action) and that attorney fees incurred defending against the Indiana ELA claim did not qualify as costs associated with defending the federal claim. Generally, a prevailing party cannot recover fees for time spent pursuing unsuccessful claims that are unrelated to the claims upon which the prevailing party ultimately succeeded. *Hensley*, 461 U.S. 434-35. However, when the successful claim and

the unsuccessful claim contain a common core of facts and/or related legal theories, attorney fees associated with defending the unsuccessful claim are also recoverable. *Jaffee v. Redmond*, 142 F.3d 409, 414 (7th Cir. 1998).

The situation before the Court is unique because Solar Sources actually prevailed on both the CERCLA claim and the Indiana ELA claim, the Court having concluded that the PRP Group failed to demonstrate that Solar Sources had deposited any hazardous substances at either of the two sites at issue in this case resulting in the dismissal of both claims. Neither of those determinations automatically entitled Solar Sources to an award of attorney fees. Instead, after the Court determined that Solar Sources was not liable under CERCLA, it ruled that Solar Sources qualified as a recycler of scrap metal under SREA thereby entitling it to the attorney fees award. In this case, the SREA/CERCLA claim and the Indiana ELA claim included a common core of facts. Under each theory, since Solar Sources did not transport hazardous substances, it was free of liability. Solar Sources successfully defended itself against the CERLA claim by making the same arguments it advanced in defending against the Indiana ELA claim. Therefore, Solar Sources is entitled to recover the fees associated with defending the Indiana ELA claim as well as the SREA claim.

**8. Are the fees sought reasonable?**

In determining whether fees assessed are reasonable, the Court examines two factors. First, are the hourly rates charged commercially reasonable, in line with rates charged by lawyers of similar experience and expertise? Secondly, are the number of hours

used to complete any given task reasonable – that is, was the work performed efficiently and with a minimum duplication of effort?

With respect to the hourly rates charged here, the rates charged by G. Daniel Kelley, who was the most senior partner on the case, ranged between $400 and $450 per hour. Those charged by Donald M. Snemis ranged between $380 and $395 per hour. Billing rates for other attorneys, such as Kimberly D. Jeffers and Freedom S.N. Smith, ranged between approximately $190 and $225 per hour during this time period. The fact that the client paid these rates, as we have previously noted, provides reliable indicia that they fall within the market rates for lawyers of similar experience and expertise. Our experience causes us to view the rates charged here as premium or high rates for the Indianapolis geographical area, though well within the range of acceptable fees. We conclude therefore, that the hourly rates charged here are reasonable within the category of premium services and, because they are premium rates, we shall examine more closely the services provided to ensure that they were efficiently performed with a minimum of duplicity of efforts by and among the persons providing such services.

Our examination reveals that with respect to the hours employed, certain tasks were performed in less than a completely efficient manner. For example, the client was billed in excess of ten hours between October 7-17, 2008, for the preparation and discussion of a proposed case management plan and the related conference call. While the individual entries do not appear to exceed reasonable time limits, we do not see evidence of optimum efficiency being applied to accomplish the tasks.

Between December 19 and December 22, 2008, the client was billed 16-plus hours for preparation of a motion to compel PRP to answer Solar Sources's discovery requests. This work was undertaken by a junior level counsel, which may account for the fact that the hours spent on that motion to compel were something more than would have been true if this lawyer were operating at optimum efficiency.

We assume that the deposition of Howard Trockman was a key component of this case. That doesn't explain why the deposition required more than 21 hours on February 3, 2009. Perhaps that total includes travel time, but where premium rates are being charged by counsel, travel time and waiting time are rarely included.

Likewise, on February 25, 2009, 12.5 hours were billed preparing for and attending a settlement conference. Again, we assume some travel time was included in that tally, but we don't know for sure. In any case, twelve-plus hours seems strangely high for such a conference in our experience.

From time to time throughout the billings are references to telephone communications with various court reporting services. For example, October 6-7, November 20, and December 14, 2009, attorney time was invested to resolve issues we suggest might easily be resolved by other lower level staff members. While there are only a few of these instances, we regard them as less than optimally efficient uses of attorney time, given the rates assessed for those services.

During the time period between March 16 and 20, 2010, attorney Freedom Smith billed approximately 60 hours, and attorney Daniel Kelley billed approximately 43 hours relating to motions for summary judgment. That more than 100 hours of attorney time was

allocated to summary judgment matters suggests that they were functioning at less than peak efficiency.

Finally, between September 20 and October 28, 2010, attorney Freedom Smith billed 44 hours, and attorney Daniel Kelley billed approximately 80 hours for research and draft of the motion seeking payment of these fees. We hold that 120 hours spent on these issues was less than maximally efficient work.

Overall, however, our review of the corroborative records submitted to substantiate the fees request do not reveal unnecessary or wasteful duplications of effort in attending depositions, in "strategizing," or "assisting" such that a substantial reduction in the overall fees is necessary. Given the other adjustments referenced above, we believe it just to reduce by 15 percent the overall amount sought by Solar Sources to compensate it for attorneys fees incurred in defending this action. The overall award therefore is set at the adjusted level of $361,273.58.[3]

IT IS SO ORDERED.

Date: _____02/23/2012_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[3] Computed as follows: $425,027.73 less $63,754.15 (which is 15%) equals $361,273.58.

-12-

Copies to:

Scott R. Alexander
TAFT STETTINIUS & HOLLISTER LLP
salexander@taftlaw.com

John P. Arranz
SWANSON MARTIN & BELL
jarranz@smbtrials.com

Jennifer C. Baker
HUNSUCKER GOODSTEIN & NELSON
jbaker@hgnlaw.com

Brian C. Bosma
KROGER GARDIS & REGAS, LLP
bcb@kgrlaw.com

Sean P. Burke
BARNES & THORNBURG LLP
sean.burke@btlaw.com

Jayna Morse Cacioppo
TAFT STETTINIUS & HOLLISTER LLP
jcacioppo@taftlaw.com

Gregory P. Cafouros
KROGER GARDIS & REGAS, LLP
gpc@kgrlaw.com

Michael D. Chambers
TAFT STETTINIUS & HOLLISTER LLP
mchambers@taftlaw.com

Robert R. Clark
TAFT STETTINIUS & HOLLISTER LLP
rclark@taftlaw.com

Michael E. DiRienzo
KAHN DEES DONOVAN & KAHN
mdirienzo@kddk.com

-13-

Hallie Miller Fahey
Troutman Sanders LLP
hallie.fahey@troutmansanders.com

Michael D. Goodstein
HUNSUCKER GOODSTEIN & NELSON PC
mgoodstein@hgnlaw.com

Edward S. Griggs
BARNES & THORNBURG LLP
sean.griggs@btlaw.com

Timothy A. Haley
BARNES & THORNBURG LLP
thaley@btlaw.com

Elizabeth Schroer Harvey
SWANSON MARTIN & BELL LLP
eharvey@smbtrials.com

Kenneth Hayes Inskeep
BARNES & THORNBURG LLP
ken.inskeep@btlaw.com

David L. Jones
JONES WALLACE, LLC
djones@joneswallace.com

Gregory Alan Kahre
gakahre@kahrelaw.com

G. Daniel Kelley Jr.
ICE MILLER LLP
daniel.kelley@icemiller.com

Matthew Theron Kinst
SWANSON MARTIN & BELL LLP
mkinst@smbtrials.com

John Milton Kyle III
BARNES & THORNBURG LLP
john.kyle@btlaw.com

Anne E. Lynch
HUNSUCKER GOODSTEIN & NELSON PC
alynch@hgnlaw.com

Michael John Maher
SWANSON MARTIN & BELL
mmaher@smbtrials.com

Stacey H. Myers
HUNSUCKER GOODSTEIN & NELSON PC
smyers@hgnlaw.com

Michael Orville Nelson
HUNSUCKER, GOODSTEIN & NELSON
mnelson@hgnlaw.com

Robert W. Rock
JONES WALLACE LLC
rrock@joneswallace.com

Keith E. Rounder
TERRELL BAUGH SALMON & BORN
krounder@tbsblaw.com

Douglas B. Sanders
BAKER & McKENZIE LLP
douglas.b.sanders@bakernet.com

G. Michael Schopmeyer
KAHN DEES DONOVAN & KAHN
mschopmeyer@kddk.com

John A. Sheehan
CLARK HILL, PLC
jsheehan@clarkhill.com

Katherine L. Shelby
BINGHAM GREENEBAUM DOLL LLP
kshelby@bgdlegal.com

Leah B. Silverthorn
HUNSUCKER GOODSTEIN & NELSON
lsilverthorn@hgnlaw.com

-15-

Freedom S. N. Smith
ICE MILLER LLP
freedom.smith@icemiller.com

John William Watson III
BAKER & McKENZIE LLP
john.w.watson@bakernet.com

David E. Wright
KROGER GARDIS & REGAS LLP
dew@kgrlaw.com